UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BOBBY F. SPROLES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-777-SDD-RLB** |
| **KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 19, 2022.

                                                                             **RICHARD L. BOURGEOIS, JR.**
                                                                             **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BOBBY F. SPROLES**                                              **CIVIL ACTION**

**VERSUS**                                                        **NO. 20-777-SDD-RLB**

**KILOLO KIJAKAZI, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Bobby Sproles (Plaintiff) seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g).[1] (R. Doc. 1). Having found all the procedural prerequisites met (Tr. 1-5), the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you… file an action in Federal district court…").

## I.    PROCEDURAL HISTORY

On February 18, 2010, Plaintiff filed his application for disability insurance benefits. (Tr. 29). Upon filing his application, Plaintiff received a document titled "Changes to be Reported and How to Report," which contained information about his reporting responsibilities. (Tr. 33). As part of his reporting responsibilities, Plaintiff was required to report, "by telephone, mail[,] or in person," if he is "confined to jail, prison, penal institution or correctional facility for conviction of a crime" or "to a public institution by court order in connection with a crime." (Tr. 33). The document warned that failure to report changes may result in overpayments that must be repaid. (Tr. 33).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Accordingly, Kilolo Kijakazi is automatically substituted for Andrew M. Saul as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

On July 28, 2010, Plaintiff began receiving disability benefits pursuant to Title II of the Social Security Act (the "Act"). (Tr. 36). On April 11, 2012, Plaintiff was confined to prison. (R. Doc. 1-1 at 4; Tr. 54). Plaintiff did not report by telephone, mail or in-person to the Social Security Administration that he was in custody. On August 29, 2012, the Social Security Administration ("SSA") notified Plaintiff that he was overpaid benefits during the period of his incarceration from April 2012 to August 2012. (Tr. 42, 44). The amount of overpayment totaled $6,389.50. (Tr. 44).

Plaintiff requested a waiver of the overpayment, asserting that (1) the overpayment was not his fault and (2) he cannot afford to pay the money back and/or it is unfair for some other reasons. (Tr. 58). Plaintiff contends that he notified his parole officer and prison personnel in West Baton Rouge and Livingston parishes that he was receiving social security benefits. (Tr. 59, 86). He also asked his dad to return the checks. (Tr. 59, 86). Instead of returning the checks, however, Plaintiff's father negotiated them. (Tr. 59) (explaining that Plaintiff's "father owned Four Way Grocery," which "was the stamp on the back of the checks.").

The SSA denied Plaintiff's request on March 19, 2018. (Tr. 75-76, 85). The SSA explained that although Plaintiff "reported to the convicting authorities that he receives" disability benefits, Plaintiff "made no attempt to contact [the] SSA directly to stop his checks." (Tr. 76). The SSA further explained that he is not relieved from fault because his father used his benefits. (Tr. 76). According to the SSA, Plaintiff granted his father access to the funds. (Tr. 76).

On May 9, 2018, Plaintiff filed a written request for hearing. (Tr. 100). On August 7, 2019, the Administrative Law Judge ("ALJ") held a video hearing, after which he issued an unfavorable decision on September 17, 2019. (Tr. 3, 21).

Thereafter, Plaintiff requested a review of the ALJ's decision, which was denied by the Appeals Council on September 13, 2020. (Tr. 15). Therefore, the ALJ's decision rested as the Commissioner's final decision. *See* 20 C.F.R. § 404.981.

## II.    STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether there is substantial evidence to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *Anthony v. Sullivan,* 954 F.2d 289, 292 (5th Cir. 1992); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as less than a preponderance but "more than a mere scintilla." *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan,* 895 F.2d at 1022. The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary […] evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (internal quotations omitted). The Court may not reweigh the evidence or try the issues *de novo,* nor may it substitute its judgment for that of the Commissioner. *Cook v. Heckler,* 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000) (quoting 42 U.S.C. § 405 (g)). If, on the other hand, the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the

correct legal principles were followed, it is grounds for reversal. *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

### III.    ALJ'S DETERMINATION

The Act "provides that whenever more than the correct amount in benefits has been paid to a recipient, the Secretary shall require the overpaid person to refund the excess amount." *Patel v. Astrue,* 300 Fed. Appx. 313, 316 (5th Cir. 2008) (citing 42 U.S.C. § 404(a)). Waiver of recovery may be granted only when an individual is "without fault" in causing the overpayment and recovery would defeat the purpose of the Act or would be against equity and good conscience. *Bray v. Bowen,* 854 F.2d 685, 687 (5th Cir. 1988) (internal citations omitted). Fault applies to individuals only. 20 C.F.R. § 404.507. The SSA's role in making the overpayment does not relieve the overpaid individual from liability for repayment if the individual is not without fault. *Id.* In determining whether an individual is without fault, the Commissioner shall "take into account any physical, mental, educational, or linguistic limitation such individual may have." 42 U.S.C. § 404(b)(2). The burden of proof that the claimant is without fault rests on the claimant. *Bray,* 854 F.2d at 687.

Under federal regulations, there are two types of overpayments: entitlement overpayments and deduction overpayments. *Bynum v. Colvin,* No. 15-CV-02222-JSW, 2016 WL 4045752, at *3 (N.D. Cal. July 28, 2016). Each have separate and distinct standards of fault. *See* 20 C.F.R. §§ 404.507, 404.510, 404.510a, 404.511. The deduction overpayment standard provides that an "individual will not be without fault if the [SSA] has evidence in its possession which shows either:" (1) a lack of good faith or (2) "failure to exercise a high degree of care in determining whether circumstances which may cause deductions from his benefits should be brought to the attention of the [SSA] by an immediate report or by return of a benefit check." 20

C.F.R. § 404.511; *Hager v. Brown,* No. 86-3325, 1989 WL 280363, at *2 (C.D. Ill. June 16, 1989). On the other hand, the entitlement overpayment standard provides that an individual is not without fault when the overpayment results from: (1) an incorrect statement made by the individual which he knew or should have known to be incorrect; (2) failure to furnish information which he knew or should have known to be material; or (3) with respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect. 20 C.F.R. § 404.507.

      Here, the ALJ made the following determinations:

1. Plaintiff was overpaid benefits in the amount of $6,389.50 during the period of April 2012 to August 2012. (20 C.F.R. § 404.504).

2. Plaintiff was at fault in causing the overpayment. (20 C.F.R. 404.506(a), 404.507, and 404.510a).

3. Recovery of the overpayment is not waived, and Plaintiff is liable for repayment of $6,389.50 during the period of April 11, 2012 to August 1, 2012. (20 C.F.R. § 404.506).

In making the above determinations, the ALJ found that Plaintiff's benefits were correctly terminated because he was imprisoned due to conviction of a crime on April 11, 2012, but he failed to inform the SSA of his incarceration. (Tr. 26). On July 23, 2012, the SSA informed Plaintiff that it learned of his incarceration, and the SSA afforded Plaintiff thirty days to show the agency that the information was incorrect. (Tr. 26, 42). Plaintiff did not respond, and therefore, the SSA assumed that the information was accurate. (Tr. 26, 42). On August 29, 2012, the SSA sent Plaintiff an overpayment notice, which informed him that he was overpaid $6,839.50 and his benefits would stop in September 2012.[2] (Tr. 26, 44).

---

[2] On March 19, 2018, the amount of overpayment was reduced to $5,543.50. (Tr. 26, 85).

Next, the ALJ concluded that Plaintiff was at fault in causing the overpayment because he failed to make "a good faith effort to inform" the SSA of his incarceration. (Tr. 26). Particularly, the ALJ explained that asking others, such as his parole office, prison personnel, and his father, to report his incarceration does not relieve him of the duty to contact the SSA directly. (Tr. 26). Additionally, the ALJ reasoned that Plaintiff's "testimony did not demonstrate that he sought assistance from prison personnel or other similarly situated personnel in getting the mailing address" of the SSA. (Tr. 27). "Nor does the record show that [Plaintiff] was incapable of contacting the agency, either before or after the start of [his] incarceration." (Tr. 27). As such, Plaintiff "knew of his reporting duty but failed to take efforts to comply." (Tr. 27).

The ALJ further explained that "[w]hether someone other than the [Plaintiff] cashed the checks and/or retained the funds is irrelevant to a determination of fault." (Tr. 27). Even if Plaintiff instructed his father "to stop negotiating the checks or to return them, he still did not contact" the SSA to report his incarceration. (Tr. 27). Accordingly, the ALJ concluded that Plaintiff is not without fault for causing the overpayment because failed to comply with his reporting responsibilities by notifying the SSA of his imprisonment. (Tr. 27).

**IV.    DISCUSSION**

Plaintiff does not dispute the fact or the amount of overpayment. Nor does he claim that the decision of the ALJ is unsupported by substantial evidence or based on the application of an improper legal standard. Instead, Plaintiff claims that he is not at fault in causing the overpayment because (1) Plaintiff's father collected his checks from Plaintiff's post office box and deposited them without authorization; (2) he could not stop the checks from being delivered to the post office box; and (3) the SSA knew that he was incarcerated and should have mailed him his overpayment notice to the jail. (R. Doc. 16).

Upon filing for benefits in 2010, Plaintiff was informed of his responsibility to notify the SSA, by telephone, mail, or in person, if he is confined to imprisonment. (Tr. 33-34). Importantly, he was warned that failure to report may result in overpayments that must be repaid. (Tr. 34). Nevertheless, by his own admission, Plaintiff never directly contacted the SSA to inform them of his incarceration. (Tr. 4, 59, 86). Rather, Plaintiff contends that he notified prison personnel and family members. (Tr. 4, 59, 86). He does not, as noted by the ALJ, contend that he requested the telephone number or mailing address of the SSA from any individual in efforts to contact the SSA directly. (Tr. 27). Nor does Plaintiff show that he was incapable of contacting the SSA before the start of his incarceration. (Tr. 27). Accordingly, Plaintiff failed to furnish, or make a good faith effort[3] to furnish, information which he knew to be material. Therefore, Plaintiff is not without fault in causing the overpayment.

As noted by the ALJ, that Plaintiff's father negotiated the checks sent to Plaintiff during his incarceration without Plaintiff's permission is immaterial to a finding of fault. Likewise, that the SSA "should have known of his incarceration since April 10, 2012" or should have mailed Plaintiff's July 23, 2012, notice of overpayment to him in jail does not negate that Plaintiff failed to fulfill his duty to inform the SSA of his imprisonment. Even if SSA could have taken other steps to prevent overpayment, any assertion of SSA's "shared fault does not relieve a claimant of

---

[3] Although not raised by Plaintiff, the Court notes that the ALJ references both the deduction and entitlement overpayment standards while discussing Plaintiff's fault in causing the overpayment. (*See* Tr. 26) (citing 20 C.F.R. § 404.510a—which provides the without fault standard for entitlement overpayment—and explaining that Plaintiff failed to make a *good faith effort* to inform the agency of his incarceration, as required for a without fault finding under the deduction overpayment standard) (emphasis added). To the extent this reference was in error, it is harmless because the ALJ's analysis illustrates that Plaintiff's actions constitute fault under both standards. First, the ALJ found that "the record is void of evidence of a *good faith effort* to inform the agency" of Plaintiff's incarceration. (Tr. 26) (emphasis added). Next, the ALJ explained "the record demonstrates that [Plaintiff] did not contact the [SSA] to advise of incarceration due to conviction of a crime despite testimony showing that he clearly knew his reporting duties prior to the April 2012 incarceration." (Tr. 27). Plaintiff is not without fault under either standard.

liability for overpayments for which [he] was initially at fault." *Bray,* 854 F.2d at 687 (citing 20 C.F.R. § 404.507).

Considering the foregoing, the Court finds that substantial evidence supports the ALJ's decision denying Plaintiff's request for waiver of overpayment.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the final decision of the Commissioner of Social Security denying waiver of overpayments made to Plaintiff from April 2012 to August 2012 be **AFFIRMED,** and Plaintiff's appeal be **DISMISSED with prejudice.**

Signed in Baton Rouge, Louisiana, on July 19, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**